UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA RITA COUNTY JAIL,<br><br>    Defendant. | Case No. 18-CV-03420 LHK (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a former federal prisoner proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the court orders service upon defendant Santa Rita County Jail.

**DISCUSSION**

A.    <u>Standard of review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

Case No. 18-CV-03420 LHK (PR)
ORDER OF SERVICE

1

(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal claims

In plaintiff's amended complaint, plaintiff alleges that he was held for 11-days past his official release date of November 1, 2015. Plaintiff requests monetary damages. Liberally construed, plaintiff has stated a cognizable claim that defendant has violated his federal constitutional rights.

**CONCLUSION**

1.  The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of this order upon the **Santa Rita County Jail**. The Clerk shall send a courtesy copy of the amended complaint and this order to the Alameda County Counsel at 1221 Oak Street, Suite 450, Oakland, CA 94612. Additionally, the Clerk shall mail a copy of this order to plaintiff.

2.  No later than **ninety (90) days** from the filing date of this order, defendant shall file **one comprehensive motion for summary judgment or other dispositive motion** with respect to the cognizable claim in the complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a separate *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served

Case No. 18-CV-03420 LHK (PR)
ORDER OF SERVICE

2

concurrently with motion for summary judgment).  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendant's motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

4. Defendant shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

5. All communications by plaintiff with the court must be served on defendant, or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 11/14/2018

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 18-CV-03420 LHK (PR)
ORDER OF SERVICE

3